## Case No. 13,595.

### SULLIVAN et al. v. INGRAHAM.

[Bee. 182.] [1]

District Court, D. South Carolina. March 23, 1802.

SEAMEN—EMBEZZLEMENT OF CARGO—CONTRIBUTION.

It is a general rule that all the crew must contribute to make good the amount of articles of the cargo embezzled. But proof will be admitted to shew the innocence of some.

[Cited in Spurr v. Pearson, Case No. 13,268; Joy v. Allen, Id. 7,552; Edwards v. Sherman, Id. 4,298.]

[This was a libel for wages by Sullivan and others against Nathaniel Ingraham.]

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

BEE, District Judge. It is admitted that the wages sued for are due; but the defendant alleges that certain articles of the cargo to the value of nearly 200 dollars have been embezzled; and he contends that this sum should be deducted. The loss is admitted, but it is said that as the mate and steward, with three other seamen, were on board at the time it happened, they must contribute to make good the amount. It appears that the vessel to which these men belonged put into Cork in distress, and that while she was under repair, a part of the cargo was put into a lighter alongside, and there secured as far as possible by lock and key. The only way in which these articles could be got at was through a scuttle of the forecastle where the men slept. It was also evident that the theft could not have taken place in the daytime, as the workmen, two customhouse officers, and the mate were constantly on board. A harbour watch of two seamen at a time, was constantly kept; but neither captain nor mate took part in it. Neither mate nor steward slept where the men did. They were aft, with the captain. Three seamen were shipped at Cork, for the voyage. They worked on board for some time as labourers, and went ashore at night, till two or three nights before the vessel sailed, when they slept on board. The captain has paid off these men, without any deduction for the barratry now complained of.

The question is, who are to be answerable for it? The general doctrine is that all are answerable, inasmuch as all in their turn have charge of the vessel, and must be presumed to assist, at least not to be ignorant of, a theft on board. In the case of The Fanny Ormond [unreported], decided here, one hundred pieces of nankeen had been stolen, of which three were found in the chest of one of the seamen. His guilt was, of course, clearly established; but the court was of opinion that others must have been concerned, since no single man could have secreted so much without aid and connivance. Accordingly, all were decreed to contribute to make good the loss. In that case, however, the mate does not seem to have been implicated. The court upon these occasions will always endeavour to distinguish between the innocent and the guilty, and, to do this, will rely even upon presumptive proof, if it be sufficiently strong. No other offers here. It appears that these goods must have been taken in the night; that the seamen alone kept the watch, and that the articles stolen could not have been got at, except through a scuttle in their berth. The mate and steward never slept in that part of the ship, and both of them are men of excellent character, as the captain swears, who is an impartial witness. The presumption in favour of these two is as strong as could be required. It is otherwise as regards the three Irish seamen, for they slept on board two or three nights before the vessel sailed, and had their turn of

watch duty. They are, therefore, liable for the actions of the others; for there is no proof offered that the goods were stolen before they slept on board.

I decree that all the men belonging to the vessel, except the mate and steward, contribute, pro rata, towards making up this loss; and that each party pay his own costs.